UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KHALIL DEMAR DODD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:25-cv-00605-JRO-MKK |
| | ) |
| S. CASTIGLIONE LT., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING AND DISMISSING COMPLAINT AND
ALLOWING OPPORTUNITY TO AMEND**

Plaintiff, Khalil Demar Dodd, is a prisoner currently incarcerated at USP
Coleman.  He filed this civil action alleging that the defendants subjected him to
excessive force and denied him adequate medical care while he was incarcerated
at Federal Correctional Institution – Terre Haute ("FCI Terre Haute").  Because
Dodd is a prisoner, the Court must screen his complaint.  28 U.S.C. § 1915A.

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is
frivolous or malicious, fails to state a claim for relief, or seeks monetary relief
against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To
determine whether the complaint states a claim, the Court applies the same
standard as when addressing a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).
Under that standard, a complaint must include "enough facts to state a claim to
relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007).  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Dodd asserts claims against four defendants: 1) Lt. S. Castiglione, 2) Lt. Mansokhani, 3) Unit Team Manager Orr; and 4) Compound Officer Golden.  He seeks monetary damages only.

 Dodd's factual allegations, as summarized here, are accepted as true at the pleading stage.  *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).  On December 30th, compound officers and Lt. Castiglione entered Dodd's cellblock and assaulted Dodd by squeezing his handcuffs and punching him in the head and back while he was handcuffed.  He was then placed in a holding cell where Lt. Castiglione continued to punch, kick, and knee Dodd in the face.  Lt. Mansokhani held Dodd's handcuffs while he was beaten.  Dodd was told to "keep [his] mouth closed or they'll kill [his] black ass" then returned to his cell with no disciplinary report.  Dkt. 1 at 4.

While Dodd was in the secured housing unit, medical staff neglected his injuries for 16 days.  Nurse Woods downplayed his injuries and twisted his wrists.  Dodd requested to go to the hospital, but he was denied.

2

### III. DISCUSSION OF CLAIMS

Applying the screening standard to the factual allegations in the complaint, the complaint must be **dismissed for failure to state a claim upon which relief can be granted**.

The Federal Tort Claim Act ("FTCA") provides that: "the district courts, ..., shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "The only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). While claims of assault, battery, and negligence might be viable if proper tort claims were filed, the complaint cannot proceed as presented because the United States is not a named defendant.

The Court has considered whether a claim for denial of medical care can proceed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), but Nurse Woods is not a named defendant, so no denial of medical care shall proceed at this time. *See Watkins v. Mohan*, 144 F.4th 926, 934 (7th Cir. 2025) (damages claims for denial of inadequate medical care claims may continue to proceed under *Bivens* as they are not a new context).

## IV. MOTION FOR COUNSEL

Dodd filed a motion to appoint counsel. Dkt. 8. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Dodd has not indicated whether he has attempted to contact any attorneys. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2018). However, because Dodd has requested counsel due to his mental health, the Court turns to the second inquiry.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation:

evidence gathering, preparing and responding to motions and other court filings, and trial.'"  *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Dodd argues that he cannot litigate this case on his own because he has a mental health classification while in prison.  Dkt. 37 at 3; Dkt. 47 at 2.  The Court recognizes that litigating a case pro se is very difficult and that Dodd faces constraints due to his mental health.  However, the Court observes that Dodd has requested counsel before the defendants have responded to his complaint.  The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged."  *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013); *see also Watts,* 42 F.4th at 766 ("It is essential that district courts remain mindful, especially at the early stages of a case, that their evaluation of the plaintiff's claim is being made on uncounseled papers.").

For the above reasons, the Court **DENIES without prejudice** Dodd's motion to appoint counsel.  Dkt. [8].  The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion.

### V. OTHER PENDING MOTIONS AND OPPORTUNITY TO AMEND

Dodd's motion for extension of time to pay the initial filing fee, dkt. [17], is **denied as unnecessary** because he paid the initial partial filing fee on April 8, 2026.  Dkt. 15.

Dodd's motion to serve all defendants a copy of the complaint, dkt. [18], **is denied without prejudice.**

Dodd's motion for statement of facts, dkt. [19], is granted to the extent that the Court recognizes the proper spelling of defendant Mansokhani's name is Mansukhani.  The **clerk is directed** to update the name of "Mansokhani" to "Mansukhani" on the docket.

The complaint is **dismissed for failure to state a claim upon which relief can be granted.**

Dodd shall have an opportunity, **through July 31, 2026,** to file an amended complaint.  Any amended complaint should have the proper case number, 2:25-cv-00605-JRO-MKK and the words "Amended Complaint" on the first page.  The amended complaint will completely replace the original.  *See Beal v. Beller,* 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.  If Dodd files an amended complaint, the Court will screen the amended complaint.  If Dodd does not file an amended complaint, the action will be dismissed.

**SO ORDERED.**

Date:  7/1/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

7

8

Distribution:

KHALIL DEMAR DODD
22356-041
USP Coleman 2
PO Box 1034
Coleman, FL 33521